1991). We find no reason not to follow the general rule in this case.

## III. CONCLUSION

For all of the reasons set forth above, we AFFIRM the judgment of the district court.

**Moussa DIALLO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3845.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Papu Sandhu, U.S. Department of Justice, Genevieve Holm, Office of Immigration Litigation, Washington, DC, for Respondent.

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

Moussa Diallo, a native and citizen of Mauritania, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny Diallo's application for asylum pursuant to 8 U.S.C. §§ 1158(a), withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), withholding of removal pursuant to the legislation implementing article 3 of the Convention Against Torture, and his request for voluntary departure. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Diallo entered the United States without inspection in August 1996. The Immigration and Naturalization Service began removal proceedings in October 1997, and Diallo conceded deportability. He applied for asylum and requested withholding of deportation in September 1996. He later supplemented his application with a claim under the Convention Against Torture. *See* 8 C.F.R. § 208.16–18. Diallo alleged that government officials arrested him, questioned him, beat him, and detained him for several months, leaving him with a broken leg. He further claimed that Mauritanian White Moors targeted Diallo and his family because they are black. The IJ found that Diallo was not credible, that conditions in Mauritania had changed so that Diallo could return safely, and that Diallo had not established that he had the means and intent to depart the United States. The BIA affirmed the IJ's deci-

sion without opinion. Diallo filed a timely petition for review.

In his petition for review, Diallo argues that: (1) the IJ erred in finding that Diallo was not credible; and (2) the IJ erred in determining that conditions in Mauritania have substantially changed so that it is now safe for Diallo to return to the country.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that Diallo's petition for review must be denied. First, the IJ's finding that Diallo was not credible is supported by substantial evidence. The IJ identified several inconsistencies among Diallo's applications, a statement he gave to an asylum officer, his testimony before the IJ, and the State Department reports on Mauritania. In his initial application, Diallo indicated that he was arrested in 1990. In his later applications and at the hearing, he gave the date as June 1994. This is significant because the State Department reported that government abuses and forced expulsion of black Mauritanians occurred from 1989 to 1991, and that by 1997 and 1998 many of the refugees had returned. Moreover, Diallo at one point stated that he was arrested for trying to run away to Senegal, another time stated that he had no idea why he was arrested, and told an asylum officer he was arrested because he belonged to a political organization supporting the rights of black

Mauritanians. In addition, in his first application for asylum, Diallo indicated that he was a member of a political organization, but denied this in his later applications. Finally, he said in his applications that he had to report to the government weekly after his release, but testified at the hearing that he had to return monthly. The discrepancies concerning Diallo's arrest and political activity are especially significant and go to the heart of his claim for asylum. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

The IJ's conclusion that Diallo's evidence, even if true, did not support a claim for asylum is also supported by substantial evidence. The IJ found that, based upon the State Department reports and other documents, conditions in Mauritania had changed and it would now be safe for Diallo to return. Those reports indicated that although the government expelled thousands of black Mauritanians from 1989 to 1991, opposition parties participated in elections in 1994 and 1996 and many of the refugees had returned to Mauritania. Diallo presented no evidence to the contrary. Accordingly, Diallo did not establish that he had a well-founded fear of persecution upon his return to Mauritania. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003).

Diallo's proof was also insufficient to justify relief under the Convention Against Torture or the withholding of deportation. First, Diallo did not demonstrate that he would, more likely than not, be tortured if removed to Mauritania. 8 C.F.R. 208.16(c)(3). Second, because Diallo did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Finally, with respect to the BIA's denial of Diallo's request for voluntary departure

made pursuant to 8 U.S.C. § 1229c, according to 8 U.S.C. § 1252(a)(2)(B), we do not have jurisdiction to review the BIA's decision in this matter.

For the foregoing reasons, we deny Diallo's petition for review.